No. 73–5370.  FITZPATRICK *v.* NEW YORK.  Ct. App. N. Y.  Certiorari denied.

MR. JUSTICE WHITE, with whom MR. JUSTICE DOUGLAS joins, dissenting.

Petitioner Martin Fitzpatrick was convicted for the first-degree murder of two police officers in Sherrill, New York.  The police followed reliable leads and located a house owned by Fitzpatrick in Syracuse.  After attempting to get a response from inside, the police entered the house through a door which had been left ajar.  As they came to a room on the second floor, petitioner called out from a closet in which he was hiding: "Don't shoot. I give up."  The officers seized and handcuffed him, and took him out into the hall.  The police then questioned Fitzpatrick about the gun he had used, after advising him of his rights.  He stated that it was in the closet where he had been found.  The gun was retrieved from the closet and it was subsequently identified as the murder weapon at trial.

At a suppression hearing, the trial judge determined that petitioner had not been sufficiently apprised of his rights under *Miranda* v. *Arizona,* 384 U. S. 436 (1966), and ruled his oral statements to the police inadmissible.  The trial court nevertheless admitted the gun into evidence, rejecting petitioner's contention that it be excluded as fruit of the poisonous tree.  *Wong Sun* v. *United States,* 371 U. S. 471 (1963).  The trial court adopted what has been termed the rule of "inevitable discovery," stating "proper police investigation would [in any event] have resulted in a search of that closet and [the gun's] discovery."  The New York Court of Appeals affirmed, holding that the search was not inconsistent with *Chimel* v. *California,* 395 U. S. 752 (1969), and also adopted the inevitable-discovery rule.

*Chimel* held that a warrantless search of premises incident to arrest was justified when limited to "a search of the arrestee's person and the area 'within his immediate control'—construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence." *Id.*, at 763. This limitation lends substance to petitioner's claim that this search of a closet in a room while an arrestee is handcuffed in a hall in the presence of police cannot be justified. At the very least, a substantial issue of compliance with *Chimel* is posed and is deserving of this Court's attention.

Of equal importance is the adoption by the New York Court of Appeals of the inevitable-discovery rule. The rejection of that rule by the Second Circuit, *United States* v. *Paroutian*, 299 F. 2d 486 (1962), where evidence was discovered as the "fruit" of an illegal search, may pose a dilemma for law enforcement officials in the State of New York. Moreover, if the fruits doctrine applies to exclude evidence obtained as a result of statements made after improper *Miranda* warnings, compare *Miranda, supra,* at 476–477, with *Harris* v. *New York*, 401 U. S. 222 (1971), it is a significant constitutional question whether the "independent source" exception to inadmissibility of fruits, *Wong Sun, supra,* at 487–488, encompasses a hypothetical as well as an actual independent source.

Because in important respects the decision is arguably at odds with decisions of this Court, I would grant the petition for certiorari.