David FAIN *v.* STATE of Arkansas

CR 80-202                                      611 S.W. 2d 508
Supreme Court of Arkansas
Opinion delivered February 9, 1981

*E. Alvin Schay*, State Appellate Defender, by: *Jack R. Kearney*, Deputy Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *James F. Dowden*, Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. Appellant was convicted by a jury in the Saline County Circuit Court of aggravated robbery and theft of property. He was sentenced to eighteen years for robbery and three years for theft of property. He appealed on the ground that the trial court erred in failing to suppress evidence at a Denno hearing. We find that the court did not commit reversible error.

Appellant and an accomplice were suspected of robbing the Union Bank in Benton, Arkansas, on March 14, 1980. The officers were in immediate pursuit and with the aid of bloodhounds cornered the two suspects in a house at Bryant, Arkansas. The two were finally discovered in the attic partially hidden under the insulation. The county sheriff and other officers were present at the time. Two officers from the state police rousted the appellant out of the attic and one of them accompanied him to his state police vehicle. The other state policeman continued to search the attic for a gun and money which they believed were in the attic. The county sheriff was assisting the officer in searching for the items in the attic. He subsequently got down and went out to the car where appellant was being held by the policeman and inquired of appellant where the money and gun were located. The appellant told the sheriff the spot where the gun and money were located. Immediately after the sheriff returned to the attic the items were found. Although there is a slight dispute in

the evidence, it is fairly obvious the appellant had not been given a Miranda warning at the time he told the sheriff where the gun and money were located. Obviously, he was in custody at that time.

A Denno hearing was held and although the evidence was conflicting the court held the gun and money were not fruits of the poisonous tree and refused to suppress the evidence. A trial was held and the evidence was admitted. Appellant was convicted by the jury and received eighteen years for robbery and three years for theft of property.

Appellant bases his appeal on the argument that the court should have excluded the gun and money as illegal evidence. We agree with the appellant that the state did not overcome the burden of showing that the evidence was not received as a result of illegal interrogation. The evidence is very conflicting but the county sheriff unequivocally stated he obtained the information from him while the appellant was seated in a state police vehicle awaiting transfer to the county jail.

In spite of the fact that the money and the gun may have been discovered as a result of illegal questioning, we think it should be admitted under the inevitable Discovery Rule. This rule has been adopted in other states. *State* v. *Byrne*, 595 S.W. 2d 301, 304 (Mo. App. 1980), and *People* v. *Fitzpatrick*, 346 N.Y.S. 2d 793 (1973), cert. denied 414 U.S. 1050 (1973). The doctrine is designed to remove evidence which was discovered as a result of improper conduct on the part of the officer from the exclusionary rule in certain specific situations. If it is clearly evident that the officers would have discovered the evidence in any event, then the failure to give the Miranda warning will not prevent its introduction. We recognize that this rule must be strictly adhered to and in order for it to apply, the state must prove by clear and convincing evidence that it would have acquired the items through legal means regardless of its illegality. Also, the police officers involved must have acted in good faith in accelerating the discovery of the evidence. The chief reason for adopting this rule can be seen if you consider the case where a party observes the police obviously about to discover incriminating evidence. In such

case the party could blurt out the location of the evidence and thereby prevent it being used in a trial. Therefore, we cautiously adopt the Inevitable Discovery Rule with the understanding that it is not intended to erode the exclusionary rule.

In view of the particular facts of this case, it is obvious to us that the items in question were surely about to be discovered. One officer remained in the attic and continued to search during the time the appellant and officers were at the scene. It seems to us that the evidence is very clear and convincing that the officers would have discovered these items regardless of whether the appellant made a statement. Therefore, the case must be affirmed.

Affirmed.

HICKMAN, J., concurs.

DARRELL HICKMAN, Justice, concurring. I do not agree that the State failed to meet its burden of proof as the majority suggests. However, it is an extremely close issue and I have no difficulty in concurring with the result by applying the inevitable discovery rule. I would not adopt it cautiously with the idea that the exclusionary rule should not be eroded. I have heretofore expressed my opinion that the exclusionary rule needs erosion.