■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v REGINALD CARTER, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Zelman, J.), dated July 8, 1986, which granted that branch of the defendant's omnibus motion which was to suppress physical evidence and statements.

Ordered that the order is affirmed.

That branch of the defendant's omnibus motion which was to suppress physical evidence was properly granted. The arresting officers proceeded to the intersection in question in response to a radio call advising that four black males, wearing hats, were possibly selling drugs at that location. Upon their arrival, the officers observed three males on one corner of the intersection and the defendant standing alone on another corner. There was no evidence that any of the persons observed by the police were wearing hats. The defendant appeared to be peering around the corner. A marked police van which was already in the area turned and headed toward the intersection. The defendant, thereupon, took three steps back from the corner, placed a black bag in a doorway located approximately five feet from the corner, and returned to the corner. At that point, the officers left their car and approached the defendant from behind. At least one of the officers had his gun drawn. The defendant was ordered to stop, and one officer forcibly placed him against the wall while the other officer examined the black bag, which was still in the doorway and only 1 or 2 feet from where the defendant was standing. The officer reached inside the bag and found a loaded handgun.

Clearly, the radio report of possible drug sales by four black males wearing hats did not justify the seizure of the defendant, who was standing alone, wore no hat and did not otherwise fit the description. Moreover, the innocuous and

equivocal behavior observed by the police officers did not constitute specific and articulable facts giving rise to a reasonable suspicion that criminal activity was at hand so as to justify the seizure of the defendant *(see, Terry v Ohio,* 392 US 1; *People v Mosley,* 68 NY2d 881, *rearg denied* 69 NY2d 707, *cert denied* — US —, 107 S Ct 3185; *People v De Bour,* 40 NY2d 210; *People v Cantor,* 36 NY2d 106).

Nor did the People prove that the defendant intended to abandon the bag, which was opened by the police without his consent, searched and found to contain contraband *(see, People v Howard,* 50 NY2d 583, 593, *cert denied* 449 US 1023). The defendant did not discard or otherwise rid himself of the bag. Rather, he simply put it down in the doorway and remained not more than five feet away. This conduct is not indicative of an intention to abandon the bag *(see, People v Howard, supra,* at 593).

Finally, the defendant's statements, which were the direct product of the unlawful police conduct, were properly suppressed *(see Dunaway v New York,* 442 US 200; *Brown v Illinois,* 422 US 590; *Wong Sun v United States,* 371 US 471). Mollen, P. J., Bracken, Brown and Eiber, JJ., concur.