▮▮▮ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON DEMPSEY, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of manslaughter in the second degree and criminal possession of a weapon for shooting a junior high school student to death following an altercation. On appeal, he contends that the Grand Jury proceedings were defective because the People failed to instruct the Grand Jury on the defense of justification; that the trial court erred in failing to include justification as a possible verdict on the verdict sheet submitted to the jury and in refusing to permit the defense to place Federal weather data into evidence; that the suppression court erred in denying defendant's motion to suppress the handgun used in the shooting; and that the sentencing court abused its discretion in denying youthful offender status and in imposing the maximum term of imprisonment.

Because there was no evidence presented to the Grand Jury that supported a defense of justification, the People did not err in failing to instruct the Grand Jury on that defense *(see, People v Lancaster,* 69 NY2d 20, 27-28, *cert denied* 480 US 922).* Evidence in support of the defense of justification was presented at trial, and the court properly instructed the jury on that defense. The court provided the jury with a verdict sheet which set forth a list of the offenses charged *(see,* CPL 310.20 [2]).* There is no merit to defendant's contention that the court's failure to include justification as a possible verdict unfairly skewed the jury's deliberative process *(see, People v Campbell,* 160 AD2d 717, *lv denied* 76 NY2d 732).*

Also without merit is defendant's contention that the court erred in refusing to admit Federal weather data for the purpose of indicating the weather conditions on the day of the shooting and assisting the jury in determining how many people may have been present in the area of the shooting. The court properly concluded that the issue of the weather conditions on that day was collateral in nature. In any event,

numerous witnesses testified regarding the weather and the presence of people in the area, and any error was harmless *(see, People v Crimmins,* 36 NY2d 230, 242).

The suppression court properly concluded that defendant's statement concerning the whereabouts of the handgun he disposed of following the shooting was made after defendant invoked his right to remain silent, and thus, must be suppressed *(see, People v Ferro,* 63 NY2d 316, 322, *cert denied* 472 US 1007). The court further found, however, that the gun would have been discovered in the course of routine police investigation and refused to suppress the gun pursuant to the inevitable discovery exception to the exclusionary rule *(see generally, Nix v Williams,* 467 US 431; *People v Fitzpatrick,* 32 NY2d 499, *cert denied* 414 US 1050). We agree. At the same time defendant was being interviewed, the police were in the process of forming a team to search for the weapon. The police knew from untainted evidence where defendant was apprehended and his course of flight immediately prior to apprehension. The gun was found in the area where he was apprehended, and the record of the suppression hearing supports the court's finding that the gun inevitably would have been found during a routine grid search of that area *(see, Nix v Williams, supra).* In addition, given the overwhelming proof of defendant's guilt, there is no reasonable possibility that the court's refusal to suppress the weapon contributed to his conviction *(see, People v Crimmins, supra,* at 237).

Finally, we conclude that the sentencing court did not abuse its discretion in denying defendant's request for youthful offender status or in imposing the maximum terms of imprisonment on each count. The record reveals that the court properly considered all of the relevant factors in each instance *(see, People v Farrar,* 52 NY2d 302, 305-306; *People v Cruickshank,* 105 AD2d 325, 326, *affd sub nom. People v Dawn Maria C.,* 67 NY2d 625 [youthful offender]). (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Manslaughter, 2nd Degree.) Present—Callahan, A. P. J., Boomer, Pine, Balio and Lawton, JJ.