■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JOHNSON, Appellant. [660 NYS2d 730] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Namm, J.), rendered August 18, 1992, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a gun recovered by the police.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress the gun recovered by the police is granted, the indictment is dismissed, and the matter is remitted to the County Court, Suffolk County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

On May 6, 1989, the Suffolk County Police Department, after an investigation and a controlled purchase of cocaine, obtained and executed a search warrant for an apartment in Bay Shore. The defendant, who was one of three persons inside the apartment at the time the warrant was executed, had been observed outside of the apartment earlier in the day in possession of a duffel bag. At the time that the warrant was executed, the duffel bag was outside the apartment, several feet to the immediate left of the front steps to the apartment. After securing the apartment and the three individuals inside, an officer returned to the duffel bag where he observed a plastic "zip-lock" bag protruding from a side pocket of the duffel bag. Believing that the plastic bag contained drugs, the officer pulled back the flap of the pocket to get a better look. Upon doing so, he observed that the plastic bag contained what appeared to be a handgun. Upon removal of the plastic bag, he determined that it in fact contained a small automatic handgun. The trial court denied suppression of the handgun on the grounds that the search of the duffel bag was warranted by exigent circumstances incident to a lawful arrest and that the handgun was in plain view. After trial, the defendant was convicted of criminal possession of a weapon in the third degree. We now reverse.

At the time of the search, the defendant had been secured inside the apartment and the duffel bag was not within his immediate control or "grabbable area" *(People v Gokey,* 60 NY2d 309, 311). Further, there was no evidence that, at the time

that the defendant was secured and the bag searched, the police reasonably believed that the defendant might gain access to the duffel bag either to obtain a weapon or to destroy or conceal evidence therein. Thus, the search of the duffel bag and the seizure of the handgun cannot be justified as warranted by exigent circumstances incident to a lawful arrest *(see, People v Gokey, supra; People v Williamson,* 181 AD2d 930). Moreover, because the presence of the handgun was not revealed until the officer pulled back the flap of the duffel bag to search for contraband, the handgun was not in plain view *(see, People v Spinelli,* 35 NY2d 77; *People v Arroyo,* 188 AD2d 655). O'Brien, J. P., Ritter, Goldstein and Luciano, JJ., concur.