■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERAS JULIO, Also Known as JULIO EDDY VERAS, Appellant. [666 NYS2d 171] —Judgment, Supreme Court, Bronx County (Harold Silverman, J., at hearings; Roger Hayes, J., at trial and sentence), rendered November 3, 1995, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of three to six years, unanimously reversed, on the law and the facts, motion to suppress physical evidence granted, and the indictment dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30 day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

A bag that is within the immediate control or grabbable area of a suspect at the time of his arrest may not be subjected to a warrantless search incident to arrest unless the circumstances leading to the arrest support a reasonable belief that the suspect may gain possession of a weapon or be able to destroy evidence (*People v Gokey*, 60 NY2d 309, 311). In addition, the search must be contemporaneous with the arrest (*supra*, at 312; *see also*, *People v Powell*, 242 AD2d 500; *People v Johnson*, 241 AD2d 527; *People v Rosado*, 214 AD2d 375, *lv denied* 86 NY2d 740; *People v Ruffin*, 133 AD2d 425; *cf.*, *People v Smith*, 59 NY2d 454, 458 [allowing search " 'not significantly divorced in time or place from the arrest' "]).

In this case, the search of the bag was undertaken as the result of defendant's abandonment of an ammunition clip, subsequent to his arrest, while en route to the police station. At that point, there was no reasonable basis for concern about the safety of either the police officers or the public. The bag was in the exclusive control of a police officer, defendant was unable to reach the bag as he had been handcuffed and he was surrounded by several police officers. By a parity of reasoning, there was no need to search the bag to preserve evidence.

Contrary to the finding of the hearing court, the evidence does not establish that defendant intended to abandon the bag (*see, People v Ramirez-Portoreal*, 88 NY2d 99, 110). The contrary is to be inferred from the fact that defendant took the bag with him when he fled and only dropped it in the course of the struggle with police.

The People's alternative argument, that evidence of the gun should be admitted under the inventory exception, ignores the fact that the exception is only applicable to secondary evidence (*People v Turriago*, 90 NY2d 77, 85-86; *People v Stith*, 69 NY2d 313, 319-320; *People v Silver*, 178 AD2d 499, 500, *lv denied* 79 NY2d 953). It is inapplicable in the circumstances at bar where the evidence of the gun is "primary" evidence, i.e., "the very evidence obtained in the illegal search" (*People v Stith, supra,* at 318). The likelihood that the gun would have been discovered during an inventory search at the police station, therefore, does not vitiate an illegal search and seizure. Since the search of the bag was unlawful, the evidence of the gun must be suppressed. Concur—Murphy, P. J., Nardelli, Williams and Colabella, JJ.