■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO VEGA, Appellant. [682 NYS2d 261] —Yesawich Jr., J. Appeal from a judgment of the County Court of Sullivan County (Ledina, J.), rendered June 10, 1997, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the third degree.

At approximately 10:00 A.M. on December 3, 1995, defendant, while driving through the Town of Thompson, Sullivan County, lost control of his car and skidded off the road. He went to a nearby pay telephone and, while there, was approached by a Village of Monticello police officer who was seeking information about the accident. Upon discovering that defendant had been injured, the officer invited him to sit in the police car until an ambulance arrived. Defendant accompanied the officer to his vehicle and then asked him to retrieve a blue gym bag defendant had left on the ground by the telephone; the officer responded that they could get the bag later, after he had attended to defendant's injuries.

Shortly thereafter, Deputy Sheriff Edward Simons, of the Sullivan County Sheriff's Department, arrived at the scene and, taking charge of the investigation, asked defendant for his license and registration. According to Simons, defendant's appearance and responses led him to believe that defendant was under the influence of drugs and, when defendant refused to submit to a field test, to place him under arrest for driving while ability impaired by drugs (*see*, Vehicle and Traffic Law § 1192 [4]). Though purportedly informed of, *inter alia*, his *Miranda* rights, defendant was not handcuffed at that time. When the emergency medical personnel arrived, they examined defendant and placed him on a stretcher and into an ambulance; while there, defendant was asked by Simons about the gym bag. Defendant did not respond to Simons' inquiries as to whether the bag was his and whether he would object to it being searched. Simons then opened the bag and discovered, among other things, a loaded 9-mm pistol and 14 packets of heroin.

Defendant moved unsuccessfully to suppress the evidence

found in the bag and proceeded to trial, following which he was convicted of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]). Sentenced as a persistent felony offender, defendant appeals.

There is merit to defendant's contention that the gun should have been suppressed as the product of an illegal search. County Court (Leaman, J.) found, as a factual matter, that the People had not proven that defendant abandoned his bag; that conclusion, amply supported in the record, is entitled to deference (*cf., People v Prochilo*, 41 NY2d 759, 761). Given defendant's previous request that his bag be brought to him, his failure—when asked by Simons at a time when defendant was visibly "shaken up" and was in the process of being treated by medical personnel and prepared for transport—to explicitly assert ownership of the bag does not necessarily equate to a knowing and voluntary relinquishment of his expectation of privacy with respect to its contents (*see, People v Ramirez-Portoreal*, 88 NY2d 99, 110; *People v Howard*, 50 NY2d 583, 593, *cert denied* 449 US 1023). As defendant took no affirmative action indicative of an intent to purposefully divest himself of the bag, there is no basis to question the rightness of County Court's finding in this regard.

And, while it appears that Simons had probable cause to arrest defendant for driving while ability impaired, the search, which occurred after defendant was placed in the ambulance some 25 yards from where the bag lay on the ground, cannot reasonably be viewed as having been prompted by any legitimate concern that defendant would grab a weapon from the bag or conceal or destroy evidence contained therein. The officers had no reason to suspect that defendant might be armed, and their failure to seize the bag at an earlier time belies the People's contention that they were concerned about the possible removal or destruction of evidence (*see, People v Gokey*, 60 NY2d 309, 311; *cf., People v Knapp*, 52 NY2d 689, 696). Significantly, before Simons even approached defendant to ask about the bag, he had been immobilized on a stretcher and the bag was well out of his reach. Consequently, the exigent circumstances that ofttimes justify a warrantless search of a container within the suspect's immediate control, or "grabbable area", incident to his or her arrest, did not exist (*see, People v Julio*, 245 AD2d 158, 159, *lv denied* 91 NY2d 942; *People v Johnson*, 241 AD2d 527, 527-528, *lv denied* 90 NY2d 1012; *People v Vennor*, 176 AD2d 1217, 1218-1219).

Lastly, the People's attempt to rely on the doctrine of "inevitable discovery" is to no avail, as that exception to the exclusion-

ary rule applies only to secondary evidence, not to the very items uncovered in an illegal search (*see, People v Turriago*, 90 NY2d 77, 86).

Mikoll, J. P., Mercure, White and Peters, JJ., concur. Ordered that the judgment is reversed, on the law and the facts, motion to suppress the evidence found in defendant's gym bag granted and indictment dismissed.