■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD BRANCH, Appellant. [687 NYS2d 383]. —Appeal by the defendant from a judgment of the County Court, Nassau County (Cotter, J.), rendered October 20, 1995, convicting him of criminal sale of a controlled substance in the third degree (three counts), and criminal possession of a controlled substance in the third degree (three counts), upon a jury verdict, and criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Palmieri, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is modified, on the law, by reversing the conviction for criminal possession of a controlled substance in the seventh degree, vacating the sentence imposed thereon and dismissing that count of the indictment; as so modified, the judgment is affirmed.

As the defendant was waxing the exterior of his automobile, detectives arrived to arrest him for crimes which took place more than five months earlier. After placing the 63-year-old defendant under arrest and handcuffing him, a detective admittedly retrieved the defendant's jacket from the passenger compartment of his automobile, allegedly to further identify him. The jacket was searched for identification, despite the fact that the detectives admittedly knew the defendant and he had already identified himself. Upon a search of the defendant's wallet, found in the jacket, a folded dollar bill which contained cocaine was retrieved. After the court denied that branch of the defendant's omnibus motion which was to suppress the physical evidence seized upon his arrest, he entered a plea of guilty to the count of the indictment charging him with criminal possession of a controlled substance in the seventh degree.

Contrary to the People's contention, the defendant did not waive, as part of his general waiver of his right to appeal, his right to appeal the denial of the branch of his omnibus motion which was to suppress physical evidence. The defendant was never informed at the plea allocution that his plea was conditioned upon his waiver of his statutory right to seek

review of the hearing court's ruling (*see,* CPL 710.70 [2]; *People v Woody,* 240 AD2d 770; *People v Bryant,* 225 AD2d 786, 787; *People v Bray,* 154 AD2d 692, 693).

Contrary to the conclusion reached by the hearing court, the search of the defendant's jacket retrieved from the passenger compartment of his automobile was not justified based on either the automobile exception to the warrant requirement or as incident to a lawful arrest. The detectives did not have probable cause to believe that evidence of a crime, contraband, or a weapon would be found therein (*see, People v Galak,* 81 NY2d 463; *People v Belton,* 55 NY2d 49; *People v Rodriguez,* 221 AD2d 574). Nor was the search a lawful incident to an arrest, as the detectives concededly searched the jacket for identification, rather than for a weapon or evidence of a crime (*see, People v Gokey,* 60 NY2d 309, 313; *People v Belton, supra*; *People v Owens,* 249 AD2d 419). Accordingly, that branch of the defendant's motion which was to suppress physical evidence should have been granted.

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.