THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAY CHISOLM, Appellant. [777 NYS2d 502]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered June 7, 2002, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress the contents of a knapsack.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, that branch of the defendant's omnibus motion which was to suppress the contents of a knapsack is granted, and a new trial is ordered.

The defendant was convicted of criminal possession of a weapon in the third degree (*see* Penal Law § 265.02 [4]). At the pretrial suppression hearing, the arresting officer testified that the defendant was stopped because he was riding a bicycle on the sidewalk and proceeded through two red lights. When the defendant saw the police, he fled on his bicycle. The arresting officer pursued him, placed him in handcuffs, and recovered a

loaded handgun from his rear waistband. After the defendant was placed in the back of the patrol car in handcuffs, the arresting officer placed the defendant's knapsack on top of the trunk of the patrol car and searched its contents, recovering a magazine about handguns, which was introduced in evidence at the trial.

The search of the knapsack was improper, since the defendant was subdued and the knapsack was no longer in his control (*see People v Gokey,* 60 NY2d 309 [1983]; *People v Green,* 258 AD2d 531, 533 [1999]; *People v Johnson,* 241 AD2d 527 [1997]; *People v Ruffin,* 133 AD2d 425, 428 [1987]). On appeal, the People do not contest the defendant's argument that the contents of the knapsack should have been suppressed. Instead, the People argue that the introduction of the magazine, which was a 2001 buyer's guide to handguns, constituted harmless error.

At the trial, the defendant raised the defense of temporary innocent possession. The defendant claimed he saw a suspicious man deposit the gun in the street and thought he could take the gun to the precinct to get a reward for it pursuant to the Operation Reward program of the New York City Police Department. The introduction of the magazine in evidence clearly impaired his defense.

In support of his defense of temporary innocent possession the defendant testified in his own behalf and called another witness who testified that he saw the defendant earlier on the day of his arrest, and that he did not have a gun on his person. The defendant also sought to call a character witness who was present in court to attest to his reputation for peacefulness in the community. The trial court refused to permit the character witness to testify on the ground that possession of a weapon is not a crime of violence.

As noted by the defense counsel at the trial, criminal possession of a weapon in the third degree as charged in the indictment (*see* Penal Law § 265.02 [4]) is defined by the Penal Law as a violent felony (*see* Penal Law § 70.02 [1] [c]). Further, a reputation for peacefulness is relevant to the guilt or innocence of possession of a weapon (*see People v Lopez,* 258 AD2d 388 [1999]). Accordingly, the trial court's refusal to permit the character witness to testify was error.

Under the totality of the circumstances in this case, a new trial is warranted. Altman, J.P., Goldstein, Adams and Crane, JJ., concur.