◼ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SHAWN LINDSEY, Respondent. [787 NYS2d 385]—

Appeal by the People from so much of an order of the Supreme Court, Kings County (Tomei, J.), dated February 6, 2004, as granted that branch of the defendant's omnibus motion which was to suppress physical evidence and his statements to law enforcement officials.

Ordered that the order is affirmed insofar as appealed from.

Contrary to the People's contention, the stop of the defendant's car was unlawful because reasonable suspicion was lacking (*see People v Spencer,* 84 NY2d 749, 753 [1995], *cert denied*

516 US 905 [1995]; *People v May,* 81 NY2d 725, 727 [1992]). The defendant had been identified as the perpetrator of a shooting which occurred on April 21, 2003. On May 28, 2003, and May 29, 2003, in an effort to locate the defendant, the police took up surveillance in front of an apartment building where the police believed the defendant's girlfriend resided. On May 29, 2003, upon information that the defendant and his girlfriend occasionally took their child to school, the police officers conducting the surveillance followed women matching the girlfriend's general description, i.e., a black female, taking a child to school. The police officers, who had never met the defendant or his girlfriend prior to conducting the surveillance, first followed two women fitting the description, neither of whom was the girlfriend. The third black female that they followed dropped her child off at school and stepped into a car driven by a short black male. The police followed the car, and six or seven blocks later, seeing favorable traffic conditions to stop the car, pulled it over. Only when the police pulled up alongside the driver were they able to confirm that the driver was the defendant based on the photograph they had in their possession. The police officers saw the defendant remove his jacket before he stepped out of the car. A search of the jacket uncovered cocaine in one of the pockets.

We agree with the Supreme Court that stopping the vehicle, before identifying the driver as the man they sought, constituted an unlawful seizure (*see People v Spencer, supra*), since exigent circumstances were lacking and the police could have waited for an opportunity to identify the driver before stopping his moving vehicle.

We also reject the People's argument that the drugs seized were admissible under the inevitable discovery doctrine, as no showing was made that there was a high probability that the police would have uncovered the same evidence through a separate line of investigation (*see People v Turriago,* 90 NY2d 77, 85 [1997]; *People v Fitzpatrick,* 32 NY2d 499, 506 [1973], *cert denied* 414 US 1050 [1973]). Moreover, the drugs seized were "primary evidence," the very evidence obtained in the illegal search (*People v Stith,* 69 NY2d 313, 318-319 [1987]; *see People v Vega,* 256 AD2d 730, 731-732 [1998]; *People v Julio,* 245 AD2d 158 [1997]). Since the stop was unlawful, the Supreme Court properly granted that branch of the defendant's omnibus motion which was to suppress physical evidence and the defendant's statements to law enforcement officials. Florio, J.P., Adams, Cozier and Mastro, JJ., concur. [*See* 3 Misc 3d 1104(A), 2004 NY Slip Op 50395(U).]