■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DAVIS, Appellant. [892 NYS2d 200]—

On May 29, 2004, two police officers sitting in an unmarked police car observed the defendant sell what appeared to be marijuana. The defendant was sitting on the front stoop of his residence, inside a fenced yard, during this transaction. After the transaction was completed, he left his knapsack on the stoop and walked to the curb to talk to the driver of a parked vehicle. The police apprehended the defendant while he was at the curb, and then walked over to his knapsack and searched it. They found a loaded gun and marijuana.

Following a suppression hearing, the gun and marijuana were admitted into evidence. The defendant was convicted of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and unlawful possession of marijuana, and sentenced as a persistent felony offender. On appeal, the defendant contends that the court erred in denying that branch of his omnibus motion which was to suppress the gun and marijuana and in sentencing him as a persistent felony offender.

The People contend that the defendant's argument that he did not abandon his knapsack is not preserved for appellate review. The People are correct that the defendant did not raise this specific argument in support of that branch of his omnibus motion which was to suppress physical evidence. While the motion alone would not have been sufficient to preserve the issue for our review, when coupled with the Supreme Court's specific finding that the knapsack was abandoned, the issue now on appeal was "expressly decided by that court" and, thus, may be

reviewed (*People v Prado*, 4 NY3d 725, 726 [2004]; *see* CPL 470.05; *People v Feingold*, 7 NY3d 288, 290 [2006]; *People v Marshall*, 51 AD3d 821 [2008]; *People v Berry*, 49 AD3d 888, 889 [2008]; *People v Sellers*, 168 AD2d 583 [1990]).

The People failed to prove that the defendant intended to abandon his knapsack, which was opened by the police without his consent, searched, and found to contain a gun and marijuana (*see People v Howard*, 50 NY2d 583, 593 [1980], *cert denied* 449 US 1023 [1980]). The defendant did not discard or otherwise rid himself of the knapsack. Rather, he simply put it down on the stoop of his residence, inside a fenced yard, and walked to the curb to talk with the driver of a vehicle parked there. This conduct was not indicative of an intention to abandon the bag (*see People v Howard*, 50 NY2d at 593; *People v Carter*, 133 AD2d 230, 231 [1987]). Contrary to the People's contention, the defendant did not relinquish his expectation of privacy in the contents of his knapsack.

The People's contention on appeal that exigent circumstances existed for the search of the defendant's knapsack was waived in the suppression court and, thus, may not now be raised (*see People v Dodt*, 61 NY2d 408, 416 [1984]; *People v Posada*, 36 AD3d 721 [2007]).

In light of our determination, we need not reach the issue regarding the defendant's sentence. Mastro, J.P., Santucci, Belen and Chambers, JJ., concur.