■ The People of the State of New York, Respondent, v Maurice Evans, Appellant. [922 NYS2d 403]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J., at suppression hearing; Rena K. Uviller, J., at speedy trial motion, plea and sentencing), rendered April 28, 2010, convicting defendant of attempted criminal possession of a weapon in the second degree, and sentencing him to a term of two years, unanimously reversed, on the law and the facts, the motion to suppress physical evidence granted, and the indictment dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30-day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

On August 6, 2008, at about 7:40 P.M., Officers Chambers and Gonzalez, who were part of the Street Narcotics Enforcement Unit (SNEU), were in plain clothes in a police van heading south on Paladino Avenue near the FDR Drive when they saw defendant and two companions on a footbridge. Chambers suspected they were smoking marijuana, as he saw puffs of smoke and the three passing a cigarette.

At the same time, Officers Ruiz and Dikonilos, who were also part of SNEU, were on bicycles in plain clothes heading north on the path along the FDR Drive, when they saw defendant and his companions. Ruiz knew they were smoking marijuana

because he smelled the distinct odor of marijuana and saw a cigarette with a "blunt" wrapper. Ruiz also saw defendant hand Perez the cigarette.

Chambers and Gonzalez parked the van at the foot of the bridge and proceeded up the ramp to the overpass. Meanwhile, Chambers saw one of the individuals throw the cigarette away. While on the bridge, and about 100 feet away from the group, he smelled marijuana. Ruiz pedaled up the ramp on the other side of the bridge upon seeing Chambers and Gonzalez approach the group. Chambers and Gonzalez identified themselves as police officers and asked the three, "You guys were smoking?," to which defendant and one of his friends responded, "We just finished." The officers then arrested the three for smoking marijuana in plain view.

During the arrest, Chambers removed a black backpack from defendant's back and handed the bag to Ruiz, who was about two or three feet away. Ruiz opened the bag, after defendant was handcuffed, and recovered 11 bags of marijuana, a pair of brass knuckles, a 9 millimeter Smith and Wesson gun, and two magazines of ammunition. The gun and magazines were wrapped in socks. The three individuals were transported to the 23rd Precinct. No burnt cigarette was recovered from the scene.

Defendant moved to suppress the contents of the bag as well as two statements, one made at the precinct and a later one made at the district attorney's office, where he essentially stated that he got the gun from a friend for the purpose of disposing of it.

To justify the presumptively unreasonable warrantless search of defendant's closed backpack incident to his arrest, the People were required to establish the presence of exigent circumstances in the first instance (*People v Gokey*, 60 NY2d 309 [1983]). Exigent circumstances that may justify the warrantless search of property within a suspect's immediate control or "grabbable area" are limited to two situations, when there is a threat to the general public and/or to the arresting officer, or when there is a reason to protect evidence from concealment or destruction (*id.* at 312). Neither exception was applicable here. There was no indication that the officers feared for their safety. Indeed, defendant was arrested simply for smoking marijuana in public. Neither Ruiz nor Chambers testified about a fear for his safety or a belief that the backpack contained contraband, and defendant and his friends at no time behaved in an aggressive or hostile manner. In fact, there is no evidence in the record that defendant or his friends did anything other than cooperate with the police. Moreover, the backpack was under the complete

control of Officer Ruiz when it was searched, and defendant and his two friends were in handcuffs, surrounded by four police officers, enclosed by a 12-foot-high metal fence. Additionally, there was no evidence as to how defendant could have gained access to the contents of the bag for the purpose of destroying it after he was handcuffed. Given the absence of exigent circumstances, the evidence unlawfully obtained during a warrantless search of defendant's backpack should have been suppressed (*People v Julio*, 245 AD2d 158 [1997], *lv denied* 91 NY2d 942 [1998]). Concur—Saxe, J.P., Friedman, Acosta, DeGrasse and Richter, JJ.