■ In the Matter of SHARIFF H., a Person Alleged to be a Juvenile Delinquent, Respondent. [978 NYS2d 55]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the presentment agency appeals from an order of the Family Court, Kings County (Ambrosio, J.), dated January 14, 2013, which dismissed the petition. The appeal brings up for review the granting, after a hearing, of that branch of the respondent's omnibus motion which was to suppress physical evidence.

Ordered that the order is affirmed, without costs or disbursements.

Pursuant to Administrative Code of the City of New York § 10-131 (i) (3), "[i]t shall be unlawful for any person not authorized to possess a pistol or revolver within the city of New York to possess pistol or revolver ammunition, provided that a dealer in rifles and shotguns may possess such ammunition." This juvenile delinquency proceeding arose after a police officer, while conducting a warrantless search of the respondent's closed backpack, found ammunition inside the backpack. The Family Court granted that branch of the respondent's omnibus motion which was to suppress the physical evidence, and upon the presentment agency's representation that it could not proceed without the physical evidence, dismissed the petition. The presentment agency appeals. Contrary to the respondent's contention, the appeal is properly before this Court pursuant to Family Court Act § 365.1 (2).

Contrary to the presentment agency's contention, the respondent had standing to contest the warrantless search of his backpack (*see People v Ramirez-Portoreal*, 88 NY2d 99, 108-109 [1996]). In addition, the presentment agency failed to establish that the respondent abandoned the backpack (*see id.* at 110; *People v Davis*, 69 AD3d 647, 649 [2010]; *People v Vega*, 256 AD2d 730, 731 [1998]; *People v Carter*, 133 AD2d 230, 231 [1987]; *People v Pacheco*, 107 AD2d 473, 476-477 [1985]).

"At a suppression hearing, the presentment agency bears the burden of establishing the legality of police conduct in the first instance" (*Matter of Robert D.*, 69 AD3d 714, 716 [2010]; *see People v Berrios*, 28 NY2d 361, 367 [1971]). The record supports the Family Court's determination that the presentment agency failed to establish the existence of exigent circumstances justifying a warrantless search of the respondent's backpack (*see People v Knapp*, 52 NY2d 689, 695-697 [1981]; *People v Chisolm*, 7 AD3d 728, 729 [2004]; *People v Vega*, 256 AD2d at 731; *People v Johnson*, 241 AD2d 527, 527-528 [1997]). Accordingly, the physical evidence was properly suppressed. Dickerson, J.P., Hall, Cohen and Miller, JJ., concur.