People v Geddes-Kelly (2018 NY Slip Op 05195)





People v Geddes-Kelly


2018 NY Slip Op 05195


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2015-10085
 (Ind. No. 950/14)

[*1]The People of the State of New York, respondent,
v
Jaleel Geddes-Kelly, appellant.


Paul Skip Laisure, New York, NY (Hannah Zhao of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Danielle S. Fenn of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John B. Latella, J.), rendered September 29, 2015, convicting him of criminal possession of a forged instrument in the second degree and criminal possession of marihuana in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review, as limited by the defendant's brief, the denial, after a hearing (Steven Paynter, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence of the credit cards that were recovered from inside the defendant's wallet.
ORDERED that the judgment is modified, on the law, by vacating the conviction of criminal possession of a forged instrument in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed, and that branch of the defendant's omnibus motion which was to suppress physical evidence is granted to the extent of suppressing the credit cards that were recovered from inside the defendant's wallet.
On September 24, 2013, at approximately 10:15 p.m. police officers pulled over a vehicle driven by the defendant for various traffic infractions. During the vehicle stop, one of the police officers, while looking into the open passenger side window, observed on the floor of the vehicle near the defendant's feet a clear plastic bag containing what appeared to be marihuana. The defendant was asked to step out of the vehicle. After frisking him for weapons and contraband, the police officer placed the defendant in handcuffs. He then took the defendant's wallet out of his pocket to search for pedigree information. When the police officer opened the defendant's wallet, he found three credit cards inside the wallet, which he concluded were forged.
The defendant was subsequently charged with, inter alia, three counts of criminal possession of a forged instrument in the second degree (one for each credit card) and criminal possession of marihuana in the fifth degree. Following a suppression hearing, the hearing court denied that branch of the defendant's omnibus motion which was to suppress the physical evidence, reasoning in part that the credit cards had been recovered as the result of a proper search incident to a lawful arrest.
During the ensuing jury trial, at the close of the People's case, the Supreme Court granted the defendant's motion to dismiss two of the three counts charging the defendant with criminal possession of a forged instrument in the second degree on the ground that the People failed to present sufficient evidence to establish that two of the three credit cards found in the defendant's wallet were forged. The defendant subsequently was convicted of one count of criminal possession of a forged instrument in the second degree and criminal possession of marihuana in the fifth degree.
We agree with the defendant that the Supreme Court erred in denying that branch of his omnibus motion which was to suppress the credit cards that were recovered from inside his wallet. While the police officer's search of the defendant's pockets was justified since it arose from a search incident to a lawful arrest (see People v Inge, 90 AD3d 675, 676; People v Parker, 306 AD2d 543; People v Cooper, 241 AD2d 553, 554), the subsequent search of the defendant's wallet was akin to searching a small bag or change purse and was unlawful. "The protections embodied in article I, § 12 of the New York State Constitution serve to shield citizens from warrantless intrusions on their privacy interests, including their personal effects" (People v Jimenez, 22 NY3d 717, 719; see People v Gokey, 60 NY2d 309, 312). "[E]ven a bag within the immediate control or grabbable area' of a suspect at the time of his [or her] arrest may not be subjected to a warrantless search incident to the arrest, unless the circumstances leading to the arrest support a reasonable belief that the suspect may gain possession of a weapon or be able to destroy evidence located in the bag" (People v Anderson, 142 AD3d 713, 715-716 [internal quotation marks and citations omitted]). The proof adduced at the suppression hearing failed to establish the presence of such circumstances (see People v Evans, 84 AD3d 573, 574-575; People v Chisolm, 7 AD3d 728, 729; People v Branch, 259 AD2d 556, 557; People v Rosado, 214 AD2d 375, 376).
Furthermore, the People's current contention that the search of the defendant's wallet was analogous to a post-arrest inventory search conducted at a police station is improperly raised for the first time on appeal (see People v Johnson, 64 NY2d 617, 619 n 2; People v Dodt, 61 NY2d 408, 416). Accordingly, the defendant's conviction of criminal possession of a forged instrument in the second degree, premised upon the recovery of the subject credit card, must be vacated and that count of the indictment must be dismissed. In view of the foregoing, we do not reach the defendant's alternative challenges to his conviction of criminal possession of a forged instrument in the second degree.
However, contrary to the defendant's contention, the evidence was legally sufficient to establish his guilt of criminal possession of marihuana in the fifth degree. "A person is guilty of criminal possession of marihuana in the fifth degree when he knowingly and unlawfully possesses . . . marihuana in a public place . . . and such marihuana is burning or open to public view" (Penal Law § 221.10[1]). Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant knowingly and unlawfully possessed marihuana in a public place and that such marihuana was open to public view (see People v Jackson, 18 NY3d 738, 744-745). The police officer testified at trial that as he approached the open window of the defendant's vehicle, he smelled the odor of marihuana, and he subsequently observed the bag of what appeared to be marihuana in plain view on the floor of the vehicle near the defendant's feet, thereby establishing that it was open to public view (see People v Jackson, 18 NY3d at 747-748). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to criminal possession of marihuana in the fifth degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
MASTRO, J.P., COHEN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court