People v Hickey (2019 NY Slip Op 03364)





People v Hickey


2019 NY Slip Op 03364


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2014-07270
 (Ind. No. 444/13)

[*1]The People of the State of New York, respondent,
v
Timothy Hickey, appellant. Carol E. Castillo, E. Setauket, NY, for appellant.


Timothy D. Sini, District Attorney, Riverhead, NY (Grazia DiVincenzo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (John J. Toomey, J.), rendered July 17, 2014, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (three counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Mark D. Cohen, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements he made to law enforcement officials.
ORDERED that the judgment is reversed, on the law, the defendant's plea of guilty is vacated, those branches of the defendant's omnibus motion which were to suppress physical evidence and statements he made to law enforcement officials are granted, the indictment is dismissed, and the matter is remitted to the County Court, Suffolk County, for further proceedings consistent with CPL 160.50.
The defendant was charged with criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (three counts). After a hearing, the County Court denied those branches of the defendant's omnibus motion which were to suppress physical evidence and statements he made to law enforcement officials. The defendant, as a part of a negotiated plea disposition, entered a plea of guilty to the counts charged in the indictment. The court rendered a judgment of conviction, and the defendant appeals.
On appeal, the defendant challenges the suppression determination. We agree with the defendant that the County Court should have granted those branches of the defendant's omnibus motion which were to suppress physical evidence and statements he made to law enforcement officials.
At the suppression hearing, the People proffered, inter alia, the testimony of Police Officer Temple. Officer Temple testified that, on February 4, 2013, he received a dispatch informing him that a psychiatrist had called 911 after meeting with the defendant, and the psychiatrist told the 911 operator that the defendant was armed as a result of purchasing a shotgun and had a history of possessing firearms, making threats to police, and paranoia. Based on the 911 call, Officer Temple and other police officers responded to the defendant's residence, where the defendant resided with [*2]his mother, to check on the defendant's welfare. According to Officer Temple, he also learned as he was responding to the location that the residence was "flagged" due to an "officer safety alert" at the residence and that officers should proceed with caution because the defendant previously had made threats to shoot a police officer and had a shotgun confiscated. Officer Temple testified that when the officers knocked on the door, the defendant's mother answered, and she invited them in after Officer Temple asked to speak with the defendant. Inside, Officer Temple asked the defendant to step outside to talk. The defendant initially agreed but then darted to the back of the house to the living room. As Officer Temple yelled for the defendant to stop, the defendant reached into his waistband, removed an object, and tossed it underneath a chair in the living room as he ducked behind a wall. The defendant then complied with the officers' requests to come out with his hands up and Officer Temple and the other officers took custody of the defendant, searched him, and took him outside of the residence. Officer Temple testified that he then reentered the residence, proceeded to the living room, and moved or lifted the chair under which the defendant had thrown the object and discovered a handgun. Officer Temple conceded that he did not see the object that the defendant had placed under the chair and that, until Officer Temple moved the chair, the chair's upholstery had obscured his view of the object underneath.
" [S]ubject only to carefully drawn and narrow exceptions, a warrantless search of an individual's home is per se unreasonable and hence unconstitutional'" (People v Avinger, 140 AD3d 895, 897, quoting People v Jenkins, 24 NY3d 62, 64). Contrary to the People's contention, the consent of the defendant's mother to the police to enter the home to speak with the defendant did not constitute a consent to Officer Temple's search of the living room (see People v Gomez, 5 NY3d 416, 420; People v Alston, 122 AD3d 934, 936). Moreover, contrary to the People's contention, the seizure of the firearm does not fall within the plain view exception (see People v Dobson, 41 AD3d 496, 497; People v Johnson, 241 AD2d 527, 528). Officer Temple's testimony as to what he believed the object was, based upon the 911 call, his police experience, and military training, does not meet the requirement of the plain view doctrine, since he testified that he did not know what the object was until he moved the chair (see People v Dobson, 41 AD3d at 497; People v Johnson, 241 AD2d at 528). The People do not assert on appeal that the seizure was lawful pursuant to the emergency exception and, in any event, any exigency abated once the defendant was detained (see People v Scott, 133 AD3d 794, 797; People v Johnson, 241 AD2d at 528).
Under the circumstances of this case, the physical evidence that was recovered from the residence must be suppressed, as the search was illegal, and the defendant's subsequent statements to law enforcement officials must be suppressed as fruit of the poisonous tree (see People v Perez, 88 AD3d 1016, 1018-1019; People v Pearson, 59 AD3d 743, 744). Without the evidence that should have been suppressed, there would not be sufficient evidence to prove the defendant's guilt of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree beyond a reasonable doubt and, therefore, the indictment must be dismissed (see People v Dessasau, 168 AD3d 969, 970-971; People v Jones, 164 AD3d 1363, 1367).
Accordingly, we reverse the judgment, vacate the plea of guilty, dismiss the indictment, and remit the matter to the County Court, Suffolk County, for a sealing order pursuant to CPL 160.50.
In light of our determination, we need not reach the defendant's remaining contentions.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court