People v Grimes (2019 NY Slip Op 06411)





People v Grimes


2019 NY Slip Op 06411


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JOHN M. LEVENTHAL
ROBERT J. MILLER, JJ.


2017-05868
 (Ind. No. 1721/15)

[*1]The People of the State of New York, respondent,
v
Jeffrey J. Grimes, appellant.


Janet E. Sabel, New York, NY (Jonathan R. McCoy of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, Kathryn A.A. O'Neill, and John McGoldrick of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry Kron, J., at plea; John Zoll, J., at sentence), rendered February 14, 2017, convicting him of criminal possession of a weapon in the second degree, resisting arrest, and criminal possession of marijuana in the fifth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Steven Paynter, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is modified, on the law, by vacating the conviction of criminal possession of a weapon in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed, and that branch of the defendant's omnibus motion which was to suppress the physical evidence that was recovered from inside his backpack is granted.
On April 30, 2015, at approximately 2:30 p.m., police officers went to the defendant's home in response, in part, to information they had received from an informant that the defendant was selling drugs out of his home and kept a firearm concealed inside of a distinctive backpack. When the officers arrived, they observed the defendant smoking a marijuana cigarette on the porch of the home. Upon approaching the defendant and identifying themselves, the officers observed the defendant grab a distinctive backpack matching the description given by the informant, curse out loud, and run inside of the house. The officers pursued the defendant, who dropped the backpack inside the front doorway and proceeded up the stairs toward the second floor of the house. The defendant was apprehended and handcuffed on the stairs. After the defendant was secured, one of the officers at the scene opened the defendant's backpack, inside of which he found a firearm and a quantity of marijuana.
The defendant was subsequently charged with, inter alia, criminal possession of a weapon in the second degree. Following a suppression hearing, the hearing court denied that branch of the defendant's omnibus motion which was to suppress the physical evidence, reasoning in part that the firearm had been recovered under exigent circumstances. The defendant thereafter pleaded guilty to, inter alia, criminal possession of a weapon in the second degree.
We agree with the defendant that the Supreme Court erred in denying that branch of his omnibus motion which was to suppress the physical evidence that was recovered from inside his backpack. " The protections embodied in article I, § 12 of the New York State Constitution serve to shield citizens from warrantless intrusions on their privacy interests, including their personal effects'" (People v Geddes-Kelly, 163 AD3d 716, 717, quoting People v Jimenez, 22 NY3d 717, 719; see People v Gokey, 60 NY2d 309, 312). "[E]ven a bag within the immediate control or grabbable area' of a suspect at the time of his [or her] arrest may not be subjected to a warrantless search incident to the arrest, unless the circumstances leading to the arrest support a reasonable belief that the suspect may gain possession of a weapon or be able to destroy evidence located in the bag" (People v Geddes-Kelly, 163 AD3d at 717 [internal quotation marks and citations omitted]; see People v Anderson, 142 AD3d 713, 715-716). The proof adduced at the suppression hearing failed to establish the presence of such circumstances (see People v Geddes-Kelly, 163 AD3d at 717; People v Evans, 84 AD3d 573, 574-575; People v Chisolm, 7 AD3d 728, 729; People v Branch, 259 AD2d 556, 557; People v Rosado, 214 AD2d 375, 376).
Accordingly, the defendant's conviction of criminal possession of a weapon in the second degree, premised upon the recovery of the firearm, must be vacated and that count of the indictment must be dismissed. In view of the foregoing, we do not reach the defendant's alternative challenges to his conviction of criminal possession of a weapon in the second degree.
SCHEINKMAN, P.J., DILLON, LEVENTHAL and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court