■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELI ROSADO, Also Known as ELIASON ROSADO, Appellant. [625 NYS2d 162] —Judgment of the Supreme Court, New York County (Alvin Schlesinger, J.), rendered March 13, 1991, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him to concurrent terms of 5½ to 11 years, unanimously reversed, on the law, the motion to suppress granted, the possession count dismissed and the matter remanded for a new trial on the sale count.

Just after the defendant was arrested, he was frisked and a purse, described by that arresting officer as "a little change pouch," was discovered in his pants pocket. The purse was removed from the defendant, opened and found to contain 26 glassine envelopes of heroin. The sole issue upon this appeal is whether the search of the change purse without a warrant was permissible. It is the People's contention that it was since the search of the purse was within the allowable scope of a search incident to arrest which, of course, may be performed without a warrant. A search incident to arrest, however, may only extend to closed containers within the defendant's posses-

sion or control when there is some reasonable basis for the belief that the contents of those containers might pose a danger to the arresting officers or when there is legitimate concern for the preservation of evidence which might reasonably be thought to reside within the containers *(People v Gokey,* 60 NY2d 309). Neither exigency was present in this case. No one, and most notably not the arresting officer, has suggested that the little change purse harbored a weapon. Nor is there any sustainable contention that the search of the purse was thought necessary for the preservation of evidence. The arresting officer conceded that the undercover upon whose information he had relied in making the arrest had not indicated "that Mr. Rosado or the person from whom she bought the drugs had drugs on his person." And, the People's appellate speculation that the search may have been motivated by the arresting officer's desire to retrieve and safeguard marked buy money, even if it had any basis in the hearing record which it does not, would be manifestly inadequate as a predicate for the search which occurred. Once the defendant was under arrest and the change purse was safely in the possession of the arresting officer, there was absolutely no reason why a warrant for a search of the purse's contents could not have been obtained if there had in fact been any basis to suppose that the purse contained either contraband or evidence of the crime for which the arrest had been made.

As there was no exigency to justify the challenged warrantless intrusion, the defendant's motion to suppress the contraband should have been granted. It follows that the conviction for criminal possession of a controlled substance in the third degree should be reversed and the corresponding count of the indictment dismissed and that the matter should be remanded for a new trial as to the sale count; the improper receipt of the contraband at defendant's trial for sale of a single glassine envelope of heroin cannot be deemed non-prejudicial. Concur —Murphy, P. J., Rosenberger, Rubin, Ross and Tom, JJ.