■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER GREENE, Appellant. [705 NYS2d 370] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered March 25, 1998, convicting defendant, upon his plea

of guilty, of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

Defendant's suppression motion was properly denied. There is no reason to disturb the court's credibility determinations, which are supported by the record. When a police officer saw defendant leaving a "trespass affidavit" building (*see, People v Magwood*, 260 AD2d 246, *lv denied* 93 NY2d 1004), known to the officer for extensive narcotics activity, while placing something in his pocket, and defendant then appeared startled at the sight of the uniformed officer, the officer properly asked defendant whether he lived in the building or was visiting a resident. These circumstances gave the police an objective credible reason for this request for information, which was made in a general non-threatening fashion and did not amount to a common-law inquiry (*see, People v Reyes*, 83 NY2d 945, *cert denied* 513 US 991). Ensuing events led to the lawful recovery of drugs from defendant. Concur—Sullivan, P. J., Nardelli, Ellerin, Wallach and Andrias, JJ.