THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TORNELL TINORT, Appellant. [709 NYS2d 511] —Judgment, Supreme Court, New York County (John Bradley, J.), rendered November 10, 1997, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree and attempted criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4 to 8 years, unanimously affirmed.

Defendant's suppression motion was properly denied. There is no basis upon which to disturb the court's credibility determinations, which are supported by the record. When the officer observed defendant in a drug-prone building where the owner had executed a "trespass affidavit" requesting police assistance in removing intruders, the officer, who had made several prior arrests in the building, had an "objective credible reason" to ask defendant whether he lived there, which constituted a level one request for information and not a common-law inquiry (*see, People v Hollman*, 79 NY2d 181, 191; *People v*

*Greene,* 271 AD2d 235). When defendant claimed to have been visiting a friend, but claimed not to know the friend's name, and supplied an apartment number known by the officer to be non-existent, the officer had probable cause to arrest defendant for criminal trespass *(see, People v Magwood,* 260 AD2d 246, *lv denied* 93 NY2d 1004; *People v Rodriguez,* 159 AD2d 201, *lv denied* 76 NY2d 742). Probable cause to arrest for trespass did not require proof beyond a reasonable doubt of all the elements of that crime including scienter.

We perceive no abuse of sentencing discretion. Concur—Ellerin, J. P., Wallach, Lerner and Saxe, JJ.