■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORIO ABAD, Appellant. [719 NYS2d 86] —Judgment, Supreme Court, New York County (Bonnie Wittner, J., at hearing; Micki Scherer, J., at plea and sentence), rendered March 31, 1999, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him to a term of 1 to 3 years, unanimously affirmed.

Defendant's suppression motion was properly denied. The

police officer, conducting a "vertical patrol" of a residential building known for drug activity which posted "no trespassing" signs in the lobby, had an objective credible reason to ask defendant his reason for being in the building, particularly since another individual who had entered the building at the same time as defendant had just been found to be a trespasser and placed under arrest (see, *People v Babarcich*, 166 AD2d 655, *lv denied* 76 NY2d 1019; *see also, People v Tinort*, 272 AD2d 206, *lv denied* 95 NY2d 872; *People v Thompson*, 260 AD2d 242, *lv denied* 93 NY2d 1006). Viewing the arguments of counsel and the hearing court's ruling as a whole, we conclude that the question whether the police approach was justified as a Level-I request for information is properly before this Court. Since, as the People correctly argued at the hearing, the police inquiry was nonthreatening, it constituted a Level-I intrusion (see, *People v Hollman*, 79 NY2d 181, 185). When defendant gave patently false answers to the officer's inquiry, the officer was justified in arresting defendant for trespassing and the evidence which defendant sought to suppress was properly obtained pursuant to his lawful arrest. Concur—Nardelli, J. P., Rubin, Saxe and Friedman, JJ.