█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISRAEL MERCADO, Appellant. [743 NYS2d 6] —Judgment, Supreme Court, New York County (Donna Mills, J.), rendered October 5, 1999, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to a term of 5 years, unanimously affirmed.

Defendant's suppression motion was properly denied. Two officers conducting an unrelated surveillance in the lobby of the building in question observed that after standing outside the lobby door for about two minutes without displaying a key, defendant entered by taking advantage of a tenant's exit from the building. When the officers displayed their shields and approached defendant, he abruptly turned around to leave, with

such apparent agitation that he dropped an ice cream cone that he had been holding. At this point there was, at least, an objective credible reason to ask whether he lived in the building (*People v Crawford*, 279 AD2d 267, *lv denied* 96 NY2d 799). The police then acquired probable cause to arrest him for criminal trespass when he gave statements regarding his presence in the building that the officers knew to be false based on their own observations (*People v Abad*, 279 AD2d 358, *lv denied* 96 NY2d 796; *People v Tinort*, 272 AD2d 206, *lv denied* 95 NY2d 872). In any event, although probable cause already existed, there was only a brief detention to verify defendant's claim that he was visiting a tenant to return a bicycle that he was holding. When the officers knocked at the door of the apartment in question, the person who opened the door said she had no knowledge of defendant or the person he claimed to be visiting, whereupon defendant was arrested and found to be in possession of a loaded pistol. We have considered and rejected defendant's remaining arguments. Concur—Nardelli, J.P., Mazzarelli, Buckley, Ellerin and Lerner, JJ.