■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENWOOD ANDERSON, Appellant. [759 NYS2d 676] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered May 31, 2001, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The court properly denied defendant's suppression motion. Upon encountering a group of 9 or 10 persons including defendant descending a staircase from the second floor to the lobby in a drug-prone "trespass affidavit" building, the police had an "'objective credible reason' to ask defendant whether he lived there, which constituted a level one request for information and not a common-law inquiry" (People v Tinort, 272 AD2d 206, 206 [2000], lv denied 95 NY2d 872 [2000]). Defendant's claim that he was subjected to a level two inquiry is not supported by the record. The police merely asked defendant and the others to continue descending into the lobby, which is what they were already doing. When they reached the lobby, the police promptly conducted a level one inquiry of the members of this large group in an orderly fashion that did not constitute a seizure or detention of any kind. When defendant stated that he did not live in the building, the officer asked him, in effect, to state his purpose for being there, but defendant provided no information. This provided the officer with probable cause to arrest defendant for criminal trespass (see People v Rodriguez, 159 AD2d 201 [1990], lv denied 76 NY2d 742 [1990]), resulting in the recovery of drugs. Concur—Tom, J.P., Sullivan, Rosenberger, Wallach* and Gonzalez, JJ.