■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BROWN, Also Known as ROBERT MILTON, Appellant. [780 NYS2d 118]—

Judgment, Supreme Court, New York County (John Cataldo, J., at hearing; Michael R. Ambrecht, J., at jury trial and sentence), rendered October 10, 2002, convicting defendant of burglary in the second degree and attempted burglary in the third degree and sentencing him, as a second violent felony offender, to consecutive terms of 15 years and 2 to 4 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence on the burglary conviction to 12 years, and to direct that the sentences run concurrently, and otherwise affirmed.

The court properly denied defendant's suppression motion. The arresting officer had probable cause to believe that defendant had committed criminal trespass by entering premises not open to the public. This was based on information from a reliable informant, namely a university campus security guard, who demonstrated a sufficient basis for his knowledge (*see People v Hetrick*, 80 NY2d 344, 349 [1992]). To establish probable cause, the People were not required, under these circumstances, to prove that the premises in question were actually closed to the public (*see People v Tinort*, 272 AD2d 206 [2000],

*lv denied* 95 NY2d 872 [2000]; *see also Brinegar v United States*, 338 US 160, 175 [1949]). Accordingly, there is no basis for suppression of the fruits of defendant's arrest. We have considered and rejected defendant's remaining arguments on the suppression issue.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. With respect to the conviction for completed burglary, there was abundant evidence, including reliable identification testimony, warranting the conclusion that defendant entered a dormitory room and stole a laptop computer. With respect to the conviction for attempted burglary, the evidence warranted the inference that when defendant, who was in possession of burglars' tools, tried to open a locked door, and stopped trying when he saw a security guard, his conduct came close enough to success to constitute an attempt (*see People v Mahboubian*, 74 NY2d 174, 188-192 [1989]; *People v King*, 61 NY2d 550, 555 [1984]).

We find the sentence excessive to the extent indicated. Concur—Buckley, P.J., Tom, Saxe, Sullivan and Friedman, JJ.