■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS WILLIAMS, Appellant. [790 NYS2d 458]—

Judgment, Supreme Court, New York County (Budd Goodman, J., at suppression hearing; Charles Solomon, J., at plea and sentence), rendered July 29, 2003, convicting defendant of criminal possession of a controlled substance in the second degree, and sentencing him, as a second felony offender, to a term of six years to life, unanimously affirmed.

Defendant's suppression motion was properly denied. The New York City police officers were clearly acting within their capacity as custodians of the New York City Housing Authority buildings, which duties include keeping the buildings free of trespassers. We find no reason to disturb the hearing court's determination that the officers had an objective credible reason to ask defendant his identity and whether he lived in the building, based on his behavior once he came upon the officers in the building's lobby (*see People v Crawford*, 279 AD2d 267 [2001], *lv denied* 96 NY2d 799 [2001]; *People v Greene*, 271 AD2d 235 [2000], *lv denied* 95 NY2d 853 [2000]). Defendant thereafter provided the officers with probable cause to arrest him for criminal trespass by initially explaining that he was going to the third floor; then being unable to provide an apartment number; abruptly changing his answer by claiming he was visiting his cousin on the fifteenth floor, and yet again being unable to

provide an apartment number; and then by falsely identifying a woman in the lobby as his cousin (*see People v Tinort*, 272 AD2d 206 [2000], *lv denied* 95 NY2d 872 [2000]; *People v Magwood*, 260 AD2d 246 [1999], *lv denied* 93 NY2d 1004 [1999]). Moreover, a fair reading of the hearing court's decision makes it clear that, contrary to defendant's argument that the probable cause dissipated, the court rejected the testimony of the defense witnesses.

Finally, the inventory search of defendant's bag conducted by the officers in the precinct was properly executed pursuant to established Police Department procedure and was supported by sufficient documentation, and there was no evidence that such search was conducted as a ruse to discover incriminating evidence (*see People v Johnson*, 1 NY3d 252, 256 [2003]).

We have considered and rejected defendant's remaining arguments. Concur—Tom, J.P., Andrias, Saxe, Marlow and Nardelli, JJ.