■ The People of the State of New York, Respondent, v Kasime Hendricks, Appellant. [841 NYS2d 94]—

Judgment, Supreme Court, New York County (Charles J. Tejada, J., at hearing; William A. Wetzel, J., at jury trial and sentence), rendered March 28, 2005, convicting defendant of criminal possession of a controlled substance in the fifth degree, and sentencing him as a second felony offender to a determinate term of $2^1/_2$ years in prison and two years of postrelease supervision, unanimously reversed, on the law, the motion to suppress granted and the indictment dismissed.

This case involves an arrest and search as a result of an encounter during a "vertical patrol," where police officers are on foot patrol in public housing to prevent trespassing, loitering, drug-related activity and other illicit behavior. It is standard practice for officers, upon encountering an individual in such an area, to inquire whether the individual lives in the building or is an invited guest of a resident, and to ask for identification to determine if the individual is trespassing.

Police Officer Gagliostro was conducting such a vertical patrol on November 16, 2004 in a public housing unit located in Manhattan. This particular building had a history of drug related activity and arrests. Within 5 to 10 feet of the building entrance, Officer Gagliostro could see defendant in the vestibule, through the front door windows. Defendant opened the door and let him in. In the well-lit vestibule was a clearly posted sign prohibiting loitering and trespassing. Since defendant appeared to be staying in the vestibule and did not leave the building, Officer Gagliostro thought defendant might be a trespasser and asked him if he was a resident of the building. He also asked defendant for identification. Defendant produced a driver's license reflecting a Brooklyn address. Since defendant was not a resident of the building, Officer Gagliostro asked him if he was an invited guest. Defendant was initially calm, but became more agitated as the questioning continued. He stated he was waiting for someone in an apartment on the first floor, but could not identify the apartment number, and also said he knew someone on the fourth floor. Officer Gagliostro took defendant to the fourth floor and, when defendant could not identify where this person lived, he arrested defendant for trespassing, placing him in handcuffs.

After returning to the vestibule with defendant, Officer Gagliostro called for backup. Officer Egaveria arrived within 10 minutes, at which point Officer Gagliostro searched defendant. At the suppression hearing, Officer Gagliostro testified that he felt the situation was under control and did not believe defendant would flee.

Officer Gagliostro took from defendant's right pants pocket $794 in cash and a box cutter. From defendant's left pants pocket he took a rolled or folded up paper bag. While he could not see what was in the bag, he testified that he did not think it contained a weapon. He opened the bag at the scene and found 32 thumbnail-sized baggies of crack cocaine.

Defendant moved to suppress the cocaine, arguing that the police had no probable cause to arrest him. He also argued that the warrantless search of the closed paper bag was unlawful.

The hearing court found that Officer Gagliostro's entry into the building was pursuant to his official duties as a police officer on vertical patrol. The court further found that his conduct in requesting identification and information from defendant was proper and that, based upon the events subsequent to this initial inquiry, there was probable cause to arrest defendant for trespass. Inasmuch as defendant was lawfully arrested, the court concluded that he could be searched incident to arrest, and denied the motion to suppress.

We agree that there was probable cause for the stop and subsequent arrest of defendant. Applying the standards set forth in *People v De Bour* (40 NY2d 210 [1976]), the request for information was based upon an objective, credible reason. The building had a history of drug activity and trespassing, and although defendant's activities were not necessarily indicative of criminality, the officer was warranted in making an inquiry to determine if defendant was legitimately in the building. Once the officer determined defendant was not a resident, he was justified in asking if defendant was visiting someone in the building and who that someone was. When defendant could not supply that information, even after taking the officer to two separate floors, the officer had probable cause to arrest him for trespass (*see People v Tinort*, 272 AD2d 206 [2000], *lv denied* 95 NY2d 872 [2000]).

The warrantless search of the folded paper bag, however, presents a different issue. In order to justify the search of the contents of the bag as being incident to defendant's arrest, there must exist a reasonable basis for belief that the contents of the bag might pose a danger to the arresting officers or a legitimate concern for the preservation of evidence thought to be

contained therein (*People v Rosado*, 214 AD2d 375 [1995], *lv denied* 86 NY2d 740 [1995]). Neither exigency was present in this case. Office Gagliostro's testimony clearly stated he was not concerned about the bag containing a weapon. While there was probable cause to arrest defendant for criminal trespass, and the building was drug-prone, these facts, without more, do not support a "reasonable belief" that a search of the bag was necessary to preserve evidence. Indeed, it is difficult to imagine what evidence of the specific crime of trespass might have been present. Once the bag was "safely in the possession of the arresting officer, there was absolutely no reason why a warrant for a search of the [bag's] contents could not have been obtained if there had in fact been any basis to suppose that the [bag] contained either contraband or evidence of the crime for which the arrest had been made" (214 AD2d at 376).

Absent any justification for the warrantless search of the bag, defendant's motion to suppress the contraband should have been granted. It follows that the conviction for criminal possession of a controlled substance should be reversed and the indictment dismissed. Concur—Saxe, J.P., Nardelli, Gonzalez, Sweeny and Catterson, JJ.