█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND GOMEZ, Appellant. [864 NYS2d 428]—

Order, Supreme Court, New York County (Carol Berkman, J.), rendered May 10, 2006, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to a term of five years, unanimously affirmed.

The court properly denied defendant's suppression motion without a hearing since the allegations contained in his motion papers, when considered in light of the specific information that was provided by the People concerning the basis for his arrest, failed to raise a material factual dispute requiring a hearing (*see People v Jones*, 95 NY2d 721, 725 [2001]). Even if defendant's papers could be viewed as disputing the claim that the police observed him to be in possession of drugs, his remaining assertions were too conclusory to address the People's detailed explanation that defendant was lawfully under arrest for criminal trespass (*see e.g. People v Anderson*, 306 AD2d 54 [2003], *lv denied* 100 NY2d 578 [2003]) prior to any search and seizure, regardless of whether the drugs were in open view.

The court also properly declined to entertain defendant's "supplemental motion" for a *Mapp* hearing, which was based on additional factual allegations and made two days after the denial of his suppression motion. CPL 255.20 (2) requires that all pretrial motions be made within the same set of motion papers whenever practicable absent a showing of prejudice. Defendant offers no explanation for his failure to make his new allegations in support of the first motion.

We perceive no basis for reducing the sentence. Concur— Lippman, P.J., Gonzalez, Sweeny, Catterson and DeGrasse, JJ.