■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN WIGHFALL, Appellant. [866 NYS2d 625]—

Judgment, Supreme Court, Bronx County (Seth L. Marvin, J., at hearing; Robert G. Seewald, J., at plea and sentence), rendered June 14, 2006, convicting defendant of attempted criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously affirmed.

The record does not establish that defendant made a valid waiver of his right to appeal (see People v Moyett, 7 NY3d 892 [2006]). Nevertheless, the court properly denied defendant's suppression motion. The police observed defendant in a New York City Housing Authority building, to which access was restricted to residents and guests. Defendant was standing in the lobby for approximately two minutes for no apparent reason, looking at mailboxes. This behavior was sufficiently suspicious, and inconsistent with that of a resident or guest, to provide the police with an objective credible reason to ask defendant why he was in the building. Defendant's admission that he did not know anyone in the building and had no legitimate reason to be there raised the level of suspicion, justifying, at least, a further inquiry. The further inquiry produced an inconsistent and demonstrably false response about visiting a nonex-

istent tenant, and provided probable cause to arrest defendant for criminal trespass. Concur—Tom, J.P., Friedman, Buckley, Acosta and Freedman, JJ.