■ The People of the State of New York, Respondent, v Salvador Lozado, Appellant. [936 NYS2d 22]—

The court properly denied defendant's motion to suppress the revolver recovered from his person. The police actions were lawful at each stage of the encounter.

Police officers conducting a nighttime vertical patrol of a Housing Authority building saw defendant coming up the stairs in a ninth floor stairwell. When defendant saw the police, he "paused" and "looked around," displaying "nervous" behavior. These circumstances provided an officer with an "objective credible reason" to ask defendant where he was heading (*see People v Crawford*, 279 AD2d 267 [2001], *lv denied* 96 NY2d 799 [2001]; *People v Greene*, 271 AD2d 235 [2000], *lv denied* 95 NY2d 853 [2000]).

Defendant replied that he was returning a jacket to a friend on the 15th floor. The officer requested permission to accompany defendant, and defendant agreed. Defendant's claim that he was subjected to a level two inquiry is not supported by the record. The request to accompany defendant was not intimidating, and in any event it did not produce an incriminating response. Instead, it led only to an inquiry made to a third party.

When defendant and the officers arrived at the apartment, an occupant refused to open the door, denied that the person defendant was looking for was there, and denied knowing defendant. Nothing in this conversation confirmed that defendant was lawfully in the building. Even if the occupant's response could be viewed as implying that the person identified by defendant did live in the apartment, this did not establish that defendant had entered the building as that absent person's invitee. On the contrary, it tended to establish that no one had given defendant permission to enter. Simply having a friend residing in a building barred to trespassers would not entitle a nonresident to invite himself or herself in.

The officers then asked defendant whether he lived in the building, to which he replied that he lived on the fourth floor, but did not know the apartment number. Defendant's inability to identify his own supposed apartment, along with all the surrounding circumstances, supported the reasonable inference

that defendant was not "licensed or privileged" to be in the building (Penal Law § 140.00 [5]), and provided probable cause to arrest defendant for criminal trespass (*see People v Williams*, 16 AD3d 151 [2005], *lv denied* 5 NY3d 771 [2005]; *People v Tinort*, 272 AD2d 206, 207 [2000], *lv denied* 95 NY2d 872 [2000]; *People v Magwood*, 260 AD2d 246 [1999], *lv denied* 93 NY2d 1004 [1999]). Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and Freedman, JJ.