THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTIAN WANNAMAKER, Appellant. [939 NYS2d 411]—

Judgment, Supreme Court, New York County (Rena K. Uvil-

ler, J.), rendered October 13, 2010, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony drug offender, to a term of $1\frac{1}{2}$ years, unanimously affirmed.

The court properly denied defendant's suppression motion. Police officers were on anticrime patrol at a highly crime-prone and drug-prone public housing project. The officers were acting, among other things, as custodians of the New York City Housing Authority buildings, which includes keeping these buildings free of trespassers (*see People v Williams*, 16 AD3d 151 [2005], *lv denied* 5 NY3d 771 [2005]).

The police saw defendant enter one of the project's buildings, which was barred to trespassers. Defendant entered through a door that had a broken lock, went upstairs, and returned to the lobby after only two or three minutes. While this conduct may have had innocent explanations, an officer also believed defendant looked familiar, perhaps from a wanted poster or a trespass program.

Accordingly, based on the totality of the above-described circumstances, the police had an objective, credible reason for approaching defendant and asking him if he was a resident or visitor (*see e.g. People v Hendricks*, 43 AD3d 361, 363 [2007]; *People v Anderson*, 306 AD2d 54 [2003], *lv denied* 100 NY2d 578 [2003]; *People v Tinort*, 272 AD2d 206 [2000], *lv denied* 95 NY2d 872 [2000]). This brief questioning about defendant's reason for being in the building did not go beyond the bounds of a request for information, and we reject defendant's arguments to the contrary (*see People v Hollman*, 79 NY2d 181, 190-192 [1992]).

Defendant told the officers he had been attempting to visit a particular person in a particular apartment, who was not home. At this point, it was reasonable to momentarily and nonforcibly detain defendant while one of the officers verified the information defendant provided (*see People v Reyes*, 83 NY2d 945 [1994], *cert denied* 513 US 991 [1994]; *People v Bora*, 83 NY2d 531, 535-536 [1994]), particularly since the name defendant supplied seemed possibly fictitious. In any event, the detention did not produce an incriminating response or other evidence. Instead, the police only made an inquiry to a third party, the occupant of the apartment defendant claimed to have attempted to visit (*see People v Lozado*, 90 AD3d 582 [2011]). When the occupant's response made it clear that defendant's explanation for his presence was completely false, the police had probable cause to arrest him for criminal trespass. Concur—Tom, J.P., Friedman, Acosta, DeGrasse and Román, JJ.