Judgment, Supreme Court, Bronx County (Darcel D. Clark, J.), rendered July 9, 2010, convicting defendant, after a jury trial, of burglary in the third degree, possession of burglar’s tools (four counts), and criminal mischief in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of three to six years, unanimously reversed, on the law, the judgment vacated, the burglar’s tools counts of the indictment dismissed, and the matter remanded for a new trial on the burglary and criminal mischief charges.
The search of defendant’s backpack following his arrest was unlawful because he was handcuffed at the time of the search and it was no longer in his control (see People v De Santis, 46 NY2d 82, 89 [1978], cert denied 443 US 912 [1979]). The contents of the backpack, which included a pair of pliers and unused garbage bags, should have been suppressed because even where a container is not in the exclusive control of the police, exigency justifying its search incident to arrest is not established in the absence of “some reasonable basis for the belief that the contents of those containers might pose a danger to the arresting officers or when there is legitimate concern for the preservation of evidence which might reasonably be thought to reside within the containers” (People v Rosado, 214 AD2d 375, 376 [1st Dept 1995], lv denied 86 NY2d 740 [1995]).
Here, the People did not meet their burden of establishing a reasonable basis for such a belief. The officer who appeared at *402 the suppression hearing did not testify about any concern regarding the presence of a weapon, or any other exigency. While such testimony is not required, exigency is not demonstrated unless it is supported by circumstances giving rise to an objectively reasonable suspicion (see People v Bowden, 87 AD3d 402, 405 [1st Dept 2011], appeal dismissed 18 NY3d 980 [2012]). In this case, there were no indications that defendant might be armed, that he posed any threat of violence, or that the backpack contained any evidence. Because the burglar’s tools charges are based on the evidence obtained by means of the unlawful search of the backpack, those counts of the indictment must be dismissed. Moreover, the prejudice that accrued to defendant from the admission of the unlawfully obtained evidence requires that he be retried on the burglary and criminal mischief charges.
We reject defendant’s argument that the evidence established only an attempt to commit burglary in the third degree, not the completed offense of burglary in the third degree. The police arrested defendant as he emerged from a hollow space over a store’s entrance, under an awning. Before the incident for which defendant was arrested, the space had been enclosed, bounded on the outside by a metal plate and on the inside by the store’s interior wall. The hollow space between the metal plate and the wall was large enough to accommodate a human being. The police saw defendant reach the area over the store entrance by climbing atop a telephone kiosk beside the doorframe. The metal plate covering the space had been “pried down,” affording access to the hollow space within. The day after the arrest, the store manager discovered that a hole had been chiseled in the store’s interior wall behind the hollow space where defendant had been the night before.
The enclosed hollow space over the store’s entrance, between the metal plate and the store’s interior wall, plainly was a part of the building. The space was closed to the public by virtue of the metal plate that covered it on the outside (cf. People v Sanchez, 209 AD2d 265, 266 [1st Dept 1994], lv denied 85 NY2d 866 [1995] [the evidence was insufficient to support a burglary conviction where the unlocked vestibule where the defendant was arrested was not “closed to the public, and neither the owner nor the residents of this building took steps to restrict access to the vestibule, or to instruct the defendant that he was not allowed in this area” (citation omitted)]). Any space physically closed off from public access constitutes a “building” within the meaning of Penal Law § 140.00 (2) (see People v King, 61 NY2d 550, 552 [1984] [“the recessed entry area of a store *403 abutting the sidewalk, enclosed by display windows, a door, a roof and a security gate at the sidewalk line may be deemed part of a ‘building’ under the Penal Law”]). To prove the commission of a completed burglary, the People were required to show only that “[defendant] or any part of his body intrude[d] within the building” (id.). Such an intrusion was unquestionably demonstrated here, as the evidence showed that defendant intruded his entire body into the hollow space over the store’s entrance. The metal plate covering the space had been pried back, and the jury was entitled to infer that defendant had twisted back the plate to gain access to the space within.
For purposes of determining whether the evidence supports defendant’s burglary conviction, it is of no moment that, despite the hole he chiseled in the store’s interior wall, he apparently did not succeed in intruding beyond that wall into the main room of the store. “Where a building consists of two or more units separately secured or occupied, each unit shall be deemed both a separate building in itself and part of the main building” (Penal Law § 140.00 [2]). Thus, the evidence was sufficient to support a finding that defendant completed the crime of burglary in the third degree when he unlawfully entered the hollow space between the metal plate and the store’s interior wall, knowing that such entry was unlawful, with the intent to commit a crime while within that space (see Penal Law § 140.20). Concur — Gonzalez, P.J., Friedman, Moskowitz, DeGrasse, Freedman, JJ.