Judgment, Supreme Court, New York County (Analisa Torres, J., at hearing; Richard D. Carruthers, J., at plea and sentencing), rendered October 27, 2010, convicting defendant of three counts of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years, unanimously affirmed.
The court properly denied defendant’s suppression motion in all respects. The searches and seizures at issue took place in two separate incidents.
In the first incident, an officer conducting a vertical patrol saw defendant standing in the lobby of a “trespass affidavit” building (see People v Tinort, 272 AD2d 206 [1st Dept 2000], lv denied 95 NY2d 872 [2000]). This gave the officer an “objective credible reason” to ask defendant whether he lived there, which constituted a level one request for information (see People v Hollman, 79 NY2d 181, 190 [1992]). The inquiry was not based *499 merely on the reputation of the area, but also on the fact that the building was so prone to trespassing that the landlord had “requested] police assistance in removing intruders” (272 AD2d at 206). Furthermore, the officer’s simple inquiry as to whether defendant lived there was the type of minimally intrusive question that a building employee might ask. We also conclude that the record sufficiently establishes that defendant was in a plainly nonpublic lobby of a posted trespass affidavit building, and that the officer was aware of this at the time he made his inquiry.
Defendant admitted that he did not live in the building. When, in response to follow-up questions, he claimed to be visiting a friend but did not supply the friend’s name or apartment number, the officer had probable cause to arrest defendant for criminal trespass (see People v Tinort, 272 AD2d at 207; see also People v Hendricks, 43 AD3d 361, 363 [2007]). Defendant did not preserve his claim that it was constitutionally impermissible to base probable cause on his alleged refusal to provide the police with information, and we decline to review it in the interest of justice. We note that the People were never placed on notice of any need to develop the record (see People v Martin, 50 NY2d 1029 [1980]; People v Tutt, 38 NY2d 1011 [1976]) as to whether defendant refused to give information, or whether he willingly provided incredible information, in that he was unable to identify his purported host by name or apartment number. In any event, the totality of the information before the officer supported a reasonable inference, for probable cause purposes, that defendant was not “licensed or privileged” (Penal Law § 140.00 [5]) to be in a building in which he admittedly did not reside (cf. People v Davis, 13 NY3d 17, 31-32 [2009]).
With respect to the second incident, defendant’s principal argument is a challenge to the credibility of the officer’s testimony establishing probable cause for the arrest. However, we find no basis to disturb the court’s credibility determinations, including its resolution of any discrepancies between testimony and paperwork. Concur — Mazzarelli, J.P., Andrias, Freedman and Gische, JJ.