Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dwyer, J.), rendered December 22, 2011, convicting him of criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fourth degree, after a nonjury trial, and imposing sentence.
Ordered that the judgment is affirmed.
Contrary to the defendant’s contention, he was not deprived of the effective assistance of counsel by his counsel’s failure to seek to reopen a suppression hearing based on facts elicited at trial. Where, as here, an ineffective assistance claim is based on a particular error in counsel’s performance, “it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations” for counsel’s alleged shortcoming (People v Rivera, 71 NY2d 705, 709 [1988]; see People v Caban, 5 NY3d 143, 152 [2005]; People v Baugh, 91 AD3d 965, 966 [2012]). In some instances, “[t]he failure to raise or adequately pursue a viable suppression claim may constitute the ineffective assistance of counsel” (People v Cyrus, 48 AD3d 150, 160 [2007]; see People v Johnson, 37 AD3d 363, 364 [2007]; People v Donovan, 184 AD2d 654, 655 [1992]). However, “[a] lawyer is not ineffective *890 for failing to make a motion that is unlikely to succeed” (People v Ennis, 41 AD3d 271, 274 [2007], affd 11 NY3d 403 [2008], cert denied 556 US 1240 [2009]; see People v Cromwell, 99 AD3d 1017 [2012]; People v Mack, 91 AD3d 794, 795 [2012]).
Here, the defendant failed to show that there was no legitimate reason for defense counsel’s failure to move to reopen the suppression hearing based on certain testimony elicited at trial. The alleged new facts pertained to circumstances surrounding his arrest, of which the defendant is presumed to have had knowledge before the suppression motion was decided (see People v Davis, 103 AD3d 810, 812 [2013]; People v Kneitel, 33 AD3d 816 [2006], cert denied 552 US 907 [2007]; cf. People v John, 38 AD3d 568, 569 [2007]). Moreover, since the police had an objective credible reason to request information from him (see People v Wighfall, 55 AD3d 347 [2008]; People v Lightfoot, 22 AD3d 865, 866 [2005]; People v Williams, 16 AD3d 151 [2005]; People v Crawford, 279 AD2d 267 [2001]; People v Greene, 271 AD2d 235, 236 [2000]), the defendant could not have established that the alleged new facts were likely to change the original ruling since he would not have been entitled to suppression of the physical evidence based on the trial testimony either (see People v Davis, 103 AD3d at 812; People v Whaley, 70 AD3d 570, 572 [2010]; People v Sylvain, 33 AD3d 330, 331 [2006]). Under the circumstances of this case, defense counsel reasonably could have concluded that a motion to reopen the suppression hearing would have been futile. Accordingly, counsel’s decision not to make such a motion did not deprive the defendant of meaningful representation (see People v Cromwell, 99 AD3d at 1017; People v Mack, 91 AD3d at 795-796; People v Whaley, 70 AD3d at 572).
Mastro, J.E, Dillon, Leventhal and Duffy, JJ., concur.