Judgment, Supreme Court, New York County (Jill Konviser, J., at suppression hearing; Michael J. Obús, J., at plea and sentencing), rendered January 26, 2012, convicting defendant of criminal possession of marijuana in the third degree, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to a term of two years, unanimously reversed, on the law, the motion to suppress granted and the indictment dismissed.
The People did not establish exigent circumstances justifying a search of a closed container incident to arrest (see People v Jimenez, 22 NY3d 717 [2014]). The police detained defendant in a subway station for violating Transit Authority regulations. Because a warrant check revealed that defendant had an active warrant, the police decided to arrest him rather than issue a summons. Defendant was holding a plastic bag in his hand, and put it on the ground next to him before being handcuffed. An officer picked up the bag, which felt heavy, and looked inside to check for weapons or contraband. Inside the bag was another *490 plastic bag, which contained a canvas bag. The officer then noticed a strong odor of marijuana, opened the canvas bag, and found nearly a pound of marijuana.
The People failed to meet their burden of showing exigency. The officers did not testify that they feared for their safety, or that they were concerned that the bag contained evidence that defendant could destroy, and the circumstances did not suggest that any exigency required an immediate search. Defendant was being arrested for minor nonviolent offenses and was not suspected of any crimes, he was handcuffed and guarded by several officers, he was fully cooperative and voluntarily placed the bag on the ground, his demeanor and actions were not threatening, and there was no indication that he might try to grab or kick the bag, which was no longer in his possession. Furthermore, there was no indication that the bag might contain a weapon and, given the nature of the transit violations, there was no possibility that the bag could contain evidence to support those charges.
Based on all these circumstances, we find that Jimenez requires suppression of the marijuana. Nor could the fact that the officer smell marijuana provide a basis for searching the bag since he did not smell marijuana until after he opened the bag.
We have considered and rejected the People’s remaining arguments.
Concur—Tom, J.P, Friedman, Renwick, Gische and Clark, JJ.