People v Collins (2020 NY Slip Op 04517)





People v Collins


2020 NY Slip Op 04517


Decided on August 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 13, 2020

Renwick, J.P., Oing, Singh, Moulton, JJ.


11381 2797/15

[*1] The People of the State of New York, Respondent,
v
Arthur Collins, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Margaret E. Knight of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Patricia Curran of counsel), for respondent.



Appeal from judgment, Supreme Court, New York County (Mark Dwyer, J.), rendered May 18, 2017, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fourth degree and escape in the second degree, and sentencing him to an aggregate term of three years, held in abeyance, and the matter remanded to Supreme Court for determination, based upon the evidence presented at the suppression hearing, of the issues raised at the hearing but not determined therein.
On July 24, 2015, two officers were driving in a police car when they received a radio report of a "trespassing in progress" at 1976 Madison Avenue. The officers drove to that address, which was an apartment building. The manager of the building pointed out defendant as the one who had been trespassing. When an officer asked defendant if they could talk to him, defendant continued walking past the officers. The officer told him to "stop," but defendant cursed at him and ran down the block. The officers chased and caught him, and at one point they all went to the ground. The officers handcuffed defendant.
The officers testified at the hearing that they then "frisked" defendant for weapons "for [their] safety". They patted down his pockets and his "string [k]nap-sack[]" or drawstring bag. When one of the officers patted the bag, he felt a hard object inside. He looked inside and saw a box marked "9-millimeter." The officer pulled out the box, opened it, and saw a round cylindrical object, which he believed was a firearm silencer. A ballistics report later revealed that the object was a "non weapon" barrel extender, which was lawful to possess.
After being driven to the precinct, the officers searched defendant in order to look for weapons or contraband, and to conduct an inventory search for safekeeping of his property. They recovered from his pockets a tin of Altoids containing marijuana, a vitamin bottle with aluminum wraps of crack-cocaine, paper twists of heroin, and a small ziplock bag of cocaine. The officers then placed defendant in a holding cell. Later that evening, when an officer checked the cell, he discovered that defendant was missing. On July 27, 2015, defendant surrendered to a court officer.
Before trial, defense counsel orally moved to suppress the barrel extender and drugs. Defense counsel argued that there was no search warrant, nor were there exigent circumstances for the search.
Supreme Court found that the officers had probable cause to arrest defendant. The court concluded that since defendant's arrest was lawful, "the search incident to the arrest that uncovered the disputed evidence was legal as well."
Initially, we agree with Supreme Court that the police had probable cause to arrest defendant for criminal trespass. On appeal, the People, citing to People v Gokey (60 NY2d 309, 312 [1983]) argue that the police search of defendant's drawstring bag was reasonable because there were exigent circumstances. However, Supreme Court did not rule on this issue in denying [*2]the suppression motion. Therefore, Supreme Court did not rule adversely against defendant on this point and we may not reach it on this appeal (People v Harris, 35 NY3d 1010 [2020]; see also, People v Vinson, 161 AD3d 493, 494 [2018]). Accordingly, we hold the appeal in abeyance and remand for determination, based on the hearing minutes, of the issue raised at the hearing, but not decided. At this stage of the appeal, we do not address defendant's remaining contentions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: AUGUST 13, 2020
CLERK