People v Collins (2021 NY Slip Op 06552)





People v Collins


2021 NY Slip Op 06552


Decided on November 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 23, 2021

Before: Renwick, J.P., Oing, Singh, Moulton, JJ. 


Ind. No. 2797/15 Appeal No. 11381 Case No. 2018-1109 

[*1]The People of the State of New York, Respondent,
v
Arthur Collins, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (Margaret E. Knight of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Patricia Curran of counsel), for respondent.



Judgment, Supreme Court, New York County (Mark Dwyer, J.), rendered May 18, 2017, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fourth degree and escape in the second degree, and sentencing him to an aggregate term of three years, unanimously modified, on the law, defendant's suppression motion granted to the extent indicated in this decision, the escape conviction vacated and that count of the indictment dismissed, and otherwise affirmed.
The police received a call about defendant trespassing in a residential building. Upon their arrival, the building superintendent identified defendant, who was idling near the building, as the trespasser. The two officers approached and tried to ask him a few questions, but he cursed at them and fled. The officers caught up with defendant, took him to the ground and handcuffed him. At some point during the pursuit, one officer suffered a knee injury. The other officer handcuffed defendant, who was wearing a drawstring backpack, and called for backup. While defendant was subdued on the ground and handcuffed with the drawstring backpack still on his back, the uninjured officer patted down defendant and the backpack.
At the suppression hearing, when questioned as to why he patted down defendant and the drawstring backpack, the officer merely responded "[f]or our safety." The People did not seek further elaboration. The officer also stated that he felt something hard in the backpack during the pat down, which prompted him to look inside the backpack. There he saw a box with the words "9mm" written on it. The officer removed the box from the backpack, opened it, and saw what he thought was an illegal silencer. He arrested defendant for both criminal trespass and weapon possession.
Upon a search of defendant at the precinct, drugs were discovered, including a plastic bag of what turned out to be more than an eighth of an ounce of cocaine, a small amount of marijuana, 13 wraps of crack-cocaine, a twist of cocaine, and a small bag of heroin. Defendant was charged with possession of more than an eighth of an ounce of cocaine (criminal possession of a controlled substance in the fourth degree - Penal Law § 220.09[1]) and placed in a holding cell. At some point later that day, defendant escaped from the holding cell. After some testing, the item seized from the backpack turned out to be a barrel extender, which is legal to possess.
Defendant moved to suppress the barrel extender on the ground that the search of the drawstring backpack was an illegal search, and also moved to suppress all of the drugs found on him at the precinct, including those he was not charged with possessing. Supreme Court denied the motion. After a jury trial in which evidence of all the drugs found on defendant were admitted, defendant was convicted of cocaine possession and escape. Defendant was sentenced to a three-year prison term for cocaine possession, to be followed by two years post-release [*2]supervision, to run concurrently with his one-year prison term for escape. Defendant has completed his sentence.
In the initial appeal before this Court, we found that the police had probable cause to arrest defendant for criminal trespass, but remanded for a determination, based on the suppression hearing minutes, on the issue of whether exigent circumstances justified the search of defendant's drawstring backpack, and whether the barrel extender should have been suppressed (186 AD3d 421 [1st Dept 2020]). At that stage of the appeal, we did not address defendant's other arguments.
The suppression court again denied the motion. We modify to find that the suppression court improperly concluded that the search of the backpack was justified as a search incident to a lawful arrest. Exigency justifying the search of a container incident to arrest is not established in the absence of some reasonable basis for the belief that the contents of the container might pose a danger to the arresting officers or that there is a legitimate concern for the preservation of evidence which might reasonably be thought to reside within the container (see People v Diaz, 107 AD3d 401 [1st Dept 2013], lv dismissed 22 NY3d 996 [2013]; People v Gokey, 60 NY2d 309, 311 [1983]).
The People failed to meet their burden of showing exigency (People v Jimenez, 22 NY3d 717, 722-723 [2014]; Gokey at 311 [1983]). The record does not contain evidence or testimony supporting a determination that the officer had objective reasonable grounds to believe that the drawstring backpack contained contents that would place his safety at risk or that he was concerned that the bag contained evidence that defendant could destroy. Thus, the circumstances did not suggest that any exigency required an immediate search (see People v Mabry, 37 NY3d 933, 934 [2021]; People v Jimenez, 22 NY3d at 723; People v Febres, 118 AD3d 489 [1st Dept 2014]; Diaz, 107 AD3d at 401; People v Bowden, 87 AD3d 402 [1st Dept 2011], lv dismissed 18 NY3d 980 [2012]; People v Hendricks, 43 AD3d 361, 364 [1st Dept 2007]). Since defendant's second-degree escape charge was based on his arrest for third-degree criminal possession of a weapon, defendant's escape conviction should be vacated (see Penal Law § 205.10[2]).
We find, however, that the court properly denied suppression of drugs that were lawfully recovered from defendant at the precinct, as it was a search incident to the original lawful arrest for trespass (People v Lane, 10 NY2d 347, 353 [1961]; People v Ramirez, 177 AD3d 460, 461 [1st Dept 2019]). However, evidence of drugs recovered from defendant when he was arrested, other than the cocaine he was charged with possessing, was of no probative value in the case and should have been excluded. In any event, any error regarding the admission of this evidence was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
Defendant's excessive sentence claim is moot because he has served his entire sentence.
We have considered [*3]defendant's other arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 23, 2021